WILLIAM M. CROSBY (SBN: 49357)
BARNES, CROSBY, FITZGERALD & ZEMAN LLP
18101 Von Karman Avenue, Suite 120
Irvine, CA 92612
Telephone: (949) 852-1100
Facsimile: (949) 852-1501

Attorneys for Plaintiff
MIMY ABERRA

FILED
08 FEB -6 PM 3:16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: PDC DEPUTY

BARNES, CROSBY, FITZGERALD & ZEMAN LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0237 JM POR

| | |
|---|---|
| MIMY ABERRA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 135, a Labor Union; THE VONS COMPANIES, INC., a Michigan corporation; DOES I through X, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR BREACH OF FIDUCIARY DUTY OF FAIR REPRESENTATION (NATIONAL LABOR RELATIONS ACT, § 301); BREACH OF WRITTEN CONTRACT; JURY TRIAL DEMAND |

Plaintiff alleges:

SUMMARY OF CLAIMS

1. This is an action for damages by plaintiff against her union and former employer. Plaintiff alleges that her union failed to meet its fiduciary obligations by failing and refusing to effectively represent plaintiff incident to her grievance and for failing and refusing to

pursue arbitration. Plaintiff further claims that she was terminated without cause in breach of the Collective Bargaining Agreement. Plaintiff seeks economic damages for past and future loss of earnings and benefits, general damages for emotional distress, and an order of reinstatement to her valued employment.

PARTIES

2. At all times herein mentioned plaintiff MIMY ABERRA (hereinafter "plaintiff") was and is a resident of the County of San Diego, State of California.

3. Plaintiff is informed and believes and based on such information and belief alleges that at all times herein mentioned defendant UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 135 (hereinafter "UFCW") was and is a labor union and collective bargaining agent for retail clerks and clerk employees of defendant THE VONS COMPANIES, INC., with its principal place of business located in San Diego, California, within the jurisdiction of the above court.

4. Plaintiff is further informed and believes and based on such information and belief alleges that at all times herein mentioned defendant THE VONS COMPANIES, INC. (hereinafter "VONS") was and is a Michigan corporation and wholly owned subsidiary of Safeway, Inc.,doing business as a retail grocery market, with its principal place of business located in Pleasanton, California and authorized to do business and doing business in the County of San Diego, State of California, within the jurisdiction of the above court.

///

///





BARNES, CROSBY, FITZGERALD & ZEMAN LLP
ATTORNEYS AT LAW

5. Plaintiff is unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of defendants named as DOES I through X, inclusive. Pursuant to Code of Civil Procedure Section 474, plaintiff will seek leave of court to amend this complaint to state said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based upon such information and belief alleges that said fictitiously-named defendants are responsible in some manner for the injury and damages to plaintiff as further hereinafter alleged.

AGENCY

6. Plaintiff is informed and believes and upon such information and belief alleges that defendants, and each of them, at all times herein mentioned were the agents, employees, servants, joint venturers, and/or co-conspirators of the remaining defendants, and were acting in the course and scope of such agency, employment, joint venture, and/or conspiracy; that defendants, and each of them, were doing the things herein alleged, were the actual and/or ostensible agents of the remaining defendants and were acting within the course and scope of said agency; and that each and every defendant, as aforesaid, when acting as a principal, was negligent in selecting, hiring, supervising and continuing the employment of each and every defendant as an agent, employee or joint venturer; and/or that said defendants approved, supported, participated in, authorized, and/or ratified the acts and/or omissions of said employees, agents, servants, conspirators, and/or joint venturers.

///

///

BARNES, CROSBY, FITZGERALD & ZEMAN LLP
ATTORNEYS AT LAW

## JURISDICTION

7. This action is against defendant UFCW and has been brought pursuant to Section 301(a) of the National Labor Relations Act at 29 U.S.C., Chapter 7, Subchapter IV. Jurisdiction is therefore proper in this court pursuant to Section 301©) of the National Labor Relations Act, in that defendant UFCW's agents represent or act on behalf of employee members within the U.S. District Court, Southern District.

## FACTS

Plaintiff's Long Tenure of Excellent Job Performance at Defendant VONS:

8. At all times material to this action, plaintiff was a single female fully dependent upon herself for her support. Plaintiff commenced employment with defendant VONS as a Courtesy Clerk at its Claremont, California store in July of 1990. After three months, she was promoted to Bakery Clerk. She remained in this position until 1994 when she was transferred to the Mira Mesa, California store, where she was employed as a Checker. In January of 2000, plaintiff transferred to the Scripps Ranch store in Scripps Poway Parkway, California. Thereafter, plaintiff remained continuously employed at that store in this position until her wrongful termination in June of 2007.

9. Throughout her employment, plaintiff performed her job duties competently and conscientiously and with dedication and loyalty to her employer. She consistently received favorable performance evaluations, two Presidential Award certificates due to her outstanding customer service, and numerous letters of thanks and appreciation from VONS customers. Prior to the events giving rise to her discharge, plaintiff was never subject to

significant criticism, reprimands, or disciplinary action.

Plaintiff's Crossing of Defendant's UFCW Picket Lines:

10. In 2003 and 2004, defendant UFCW initiated a union strike against a major retail chain of Southern California. After approximately three months due to extreme financial pressures, plaintiff ceased her participation in the strike and "crossed the picket line" by returning to work.

Plaintiff's Wrongful Termination:

11. On June 1, 2007, a customer who plaintiff was serving as a Checker complained to the Store Manager, Larry Easter ("Easter"), regarding an alleged inappropriate communication by plaintiff. Easter called plaintiff into his office. Plaintiff was crying and tried to explain the situation. Easter refused to give plaintiff a fair hearing regarding this incident and refused to acknowledge plaintiff's explanation. Easter implied that plaintiff had been responsible and that the customer had legitimately complained. Plaintiff became emotional and stated, "I'm done with this." Easter stated, "are you going to quit?" Plaintiff replied, "No, I'm done with this meeting." Plaintiff was extremely upset and ran to the restroom crying. Plaintiff was so distraught over this incident that she was unable to continue working during the balance of her scheduled workday.

12. The following day plaintiff was advised by John Crane of her termination for the professed reason of "job abandonment."

13. Plaintiff experienced severe anxiety, depression, humiliation, insomnia, and severe mental and emotional distress as a result of her wrongful termination.



BARNES, CROSBY, FITZGERALD & ZEMAN LLP
ATTORNEYS AT LAW

BARNES, CROSBY, FITZGERALD & ZEMAN LLP
ATTORNEYS AT LAW

Defendant UFCW's Failure to Competently or Adequately Represent Plaintiff in Her Attempt to Remedy Her Wrongful Termination:

14. Upon learning of her termination, plaintiff contacted her Union Representative, Tom Grant ("Grant"). Plaintiff filed a written grievance on June 5, 2007. Grant assured plaintiff that he would communicate regarding her grievance to defendant VONS's Human Resources Department. Grant advised plaintiff that the initial response to his contact was that defendant VONS would not reverse its decision. Thereafter, plaintiff and Grant met with Mary McDonald, Head of defendant VONS's Human Resources. No effective remedial action resulted from this meeting. Following a perfunctory meeting of the Executive Board of defendant UFCW in which plaintiff was denied meaningful due process, plaintiff was advised of its decision not to pursue arbitration by letter dated September 5, 2007. On October 17, 2007, plaintiff filed a written Grievance Appeal. Plaintiff's appeal was to no avail. Plaintiff was advised by letter of October 18, 2007 of the Executive Board's decision affirming the refusal to pursue arbitration.

///

///

///

///

///

///

///

BARNES, CROSBY, FITZGERALD & ZEMAN LLP
ATTORNEYS AT LAW

FIRST CAUSE OF ACTION

(Breach of Fiduciary Duty of Fair Representation
(NLRA, § 301) Against Defendant UFCW)

15. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14 of the introductory allegations as if set forth in full.

16. By virtue of the conduct described at paragraph 14 above, defendant UFCW breached its duty of fair representation to plaintiff by arbitrarily and discriminatorily refusing to pursue arbitration of plaintiff's meritorious case.

17. As a direct and proximate result of the said breach of duty of fair representation, plaintiff was denied reinstatement and back pay under the Collective Bargaining Agreement, and has thereby sustained economic damages for past and future loss of earnings and benefits, according to proof.

18. As a further direct and proximate result of the said breach of duty of fair representation, plaintiff has sustained general damages for severe mental and emotional distress in sums prayed.

///

///

///

///

///

///

SECOND CAUSE OF ACTION

(Breach of Written Contract Against Defendant VONS)

19. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14 of the introductory allegations as if set forth in full.

20. At all times during plaintiff's employment, plaintiff was employed pursuant to a Collective Bargaining Agreement between defendant VONS and defendant UFCW. Said written contract required that plaintiff be terminated only for cause.

21. On or about June 2, 2007, defendant VONS breached the Collective Bargaining Agreement by terminating plaintiff without cause.

22. As a direct and proximate result of the said breach of contract, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

23. As a further direct and proximate result of the said breach of contract, plaintiff is entitled to an order of reinstatement to her valued employment.

PRAYER

WHEREFORE plaintiff prays judgment against defendants as follows:

As to the First Cause of Action:

1. For general damages, according to proof.

As to the Second Cause of Action:

1. For an order of reinstatement.

///

///





BARNES, CROSBY, FITZGERALD & ZEMAN LLP
ATTORNEYS AT LAW

BARNES, CROSBY, FITZGERALD & ZEMAN LLP
ATTORNEYS AT LAW

As to Both Causes of Action:

1. For economic damages, according to proof;

2. For cost of suit incurred; and,

3. For such further relief as the Court deems proper.

BARNES, CROSBY, FITZGERALD
& ZEMAN LLP

Dated: February 4, 2008

By: ______________________
WILLIAM M. CROSBY
Attorneys for Plaintiff
MIMY ABERRA

JURY TRIAL DEMAND

Plaintiff MIMY ABERRA hereby demands trial by jury of the above cause.

BARNES, CROSBY, FITZGERALD
& ZEMAN LLP

Dated: February 4, 2008

By: ______________________
WILLIAM M. CROSBY
Attorneys for Plaintiff
MIMY ABERRA

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 FEB -6 PM 3:17
CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY POR DEPUTY

**I. (a) PLAINTIFFS**
MIMY ABERRA

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
William M. Crosby (SBN: 49357) Barnes, Crosby, FitzGerald & Zeman
18101 Von Karman Ave., Ste. 120, Irvine, CA 92612 (949) 852-1100

**DEFENDANTS**
UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 135, a Labor Union; THE VONS COMPANIES, INC., a Michigan corporation; DOES I through X, inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) '08 CV 0237 JM POR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☒ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): National Labor Relations Act., Sec. 301 29 USC 7,4
Brief description of cause: Breach of Fiduciary Duty of Fair Representation

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 02/04/2008 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 147325 AMOUNT $350- 2/6/08 BH APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 147325 - BH
* * C O P Y * *
February 06, 2008
15:18:00

Civ Fil Non-Pris
USAO #.: 08CV0237 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.: $350.00 CK
Check#.: BC# 7394

Total-> $350.00

FROM: ABERRA V. UNITED FOOD WORKERS
CIVIL FILING