SEYFARTH SHAW LLP
George E. Preonas (SBN 58921)
gpreonas@seyfarth.com
David R. Golder (SBN 248745)
dgolder@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
THE VONS COMPANIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIMY ABERRA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 135, a Labor Union; THE VONS COMPANIES, INC., a Michigan corporation; DOES I through X, inclusive,<br><br>Defendants. | Case No. 08 CV 0237 JM (POR)<br><br>Hon. Jeffrey T. Miller<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: February 6, 2008 |

Defendant The Vons Companies, Inc. ("Defendant") hereby answers Plaintiff Mimy Aberra's ("Plaintiff") unverified Complaint ("Complaint") in accordance with the numbered paragraphs thereof. As to each and every allegation herein denied for lack of information and belief, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation, and on that ground denies each and every such allegation.

## SUMMARY OF CLAIMS

1. Paragraph 1 of the Complaint asserts legal conclusions as to which no response is required. To the extent that this paragraph purports to contain any allegations of fact, Defendant denies the allegations of Paragraph 1 of the Complaint.

## PARTIES

2. Answering Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation, and on that ground denies each and every such allegation.

## AGENCY

6. Paragraph 6 of the Complaint asserts legal conclusions as to which no response is required. To the extent that this paragraph purports to contain any allegations of fact, Defendant denies the allegations of Paragraph 6 of the Complaint.

## JURISDICTION

7. Answering Paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

## STATEMENT OF FACTS

8. Answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff was employed with Defendant in various positions, most recently as a checker at Defendant's Scripps Ranch store in Scripps Poway Parkway, California,

and that she was terminated in June 2007. The remaining allegations in Paragraph 8 contain conclusions of law as opposed to allegations of fact, and as such, no answer is required.

9. Answering Paragraph 9 of the Complaint, Defendant denies the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant admits that UFCW engaged in a strike against a major grocery retail chain of Southern California in 2003 and 2004. Defendant also admits, on information and belief, that Plaintiff worked for Defendant during a portion of the union strike. Defendant denies for lack of information and belief the remainder of the allegations in this paragraph.

11. Answering Paragraph 11 of the Complaint, Defendant admits that on or about June 1, 2007, a customer complained to the Store Manager, Larry Easter ("Easter"), about inappropriate conduct by Plaintiff, that Easter met with Plaintiff to investigate, that Plaintiff stated, "I'm done with this," and that Plaintiff subsequently walked off the job without completing her shift. Defendant denies the remainder of the allegations in this paragraph.

12. Answering Paragraph 12 of the Complaint, Defendant admits that Plaintiff's employment was terminated on June 2, 2007. Defendant denies the remainder of the allegations in this paragraph.

13. Answering Paragraph 13 of the Complaint, Defendant denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant admits that a grievance was filed on behalf of Plaintiff, that the Defendant met with Local 135 concerning the grievance, and that the grievance was denied. Defendant denies the remainder of the allegations in this paragraph.

**FIRST CAUSE OF ACTION**

15. Answering Paragraph 15 of the Complaint, Defendant incorporates by reference its answers to Paragraphs 1-14.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

**SECOND CAUSE OF ACTION**

19. Answering Paragraph 19 of the Complaint, Defendant incorporates by reference its answers to Paragraphs 1-14.

20. Answering Paragraph 20 of the Complaint, Defendant admits that Plaintiff was employed pursuant to a Collective Bargaining Agreement between Defendant and UFCW. Defendant denies the remainder of the allegations in this paragraph.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

**DENIAL OF PRAYER FOR RELIEF**

Defendant expressly denies that Plaintiff is entitled to any relief, including but not limited to the relief sought by Plaintiff in her Complaint. Defendant generally denies any allegations of Plaintiff's Complaint not specifically admitted herein.

**SEPARATE AND AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Union Remedies)**

1. Plaintiff's claims are barred in that Plaintiff failed to exhaust the remedies (grievance and arbitration) as provided by the collective bargaining agreement between Defendant and UFCW, the labor organization that represents the collective bargaining unit of which Plaintiff is a member.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5. Plaintiff's claims are barred, in whole or in part, to the extent that she failed to mitigate her damages and other alleged losses as required by law, and are otherwise offset by the amount of any earnings, severance pay, unemployment

compensation, workers' compensation, and any other pay or benefits as provided by law.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

Defendant does not presently know all of the facts and circumstances with respect to Plaintiff's claims. Defendant reserves the right to amend this answer should it later discover facts demonstrating the existence of additional affirmative defenses. Defendant shall seek leave of court to amend its answer to add additional allegations and/or defenses that it may discover as the case progresses.

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by her Complaint;
2. For costs of suit; and
3. For such other and further relief as the Court deems just and proper.

DATED: March 25, 2008 SEYFARTH SHAW LLP

By s/George E. Preonas
Attorneys for Defendant
THE VONS COMPANIES, INC.
E-mail: gpreonas@seyfarth.com

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On March 25, 2008, I served the within documents:

**DEFENDANT'S ANSWER TO COMPLAINT**

☐ I sent such document from facsimile machine (310) 201-5219 on __________, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒ electronically by using the Court's ECF/CM System.

William M. Crosby, Esq.
Barnes, Crosby, FitzGerald & Zerman LLP
18101 Von Karman Avenue
Suite 120
Irvine, CA 92612

Schwartz, Steinsapir, Dohrmann & Sommers
Michael D. Four
Dolly M. Gee
Tamra M. Boyd
6300 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90048-5268

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on March 25, 2008, at Los Angeles, California.

Millie Baello