MICHAEL D. FOUR (100711)
DOLLY M. GEE (114493)
TAMRA M. BOYD (219020)
SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, California 90048-5268

Telephone: (323) 655-4700
Facsimile: (323) 655-4488

Attorneys for Defendant United Food & Commercial Workers Union Local 135

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIMY ABERRA,<br><br>Plaintiff,<br>vs.<br><br>UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 135, THE VONS COMPANIES, INC. and DOES I through X,<br><br>Defendants. | **CASE NO. 08-CV-0237 JM POR**<br><br>**DEFENDANT UFCW LOCAL 135'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)]**<br><br>**Judge: Hon. Jeffrey T. Miller**<br>**Courtroom: 16**<br>**Date: May 9, 2008**<br>**Time: 1:30 p.m.** |

## INTRODUCTION

In this action, plaintiff Mimy Aberra alleges that her former employer, the Vons Companies, Inc. ("Vons"), breached its collective bargaining agreement with Aberra's union by terminating her, and that the union, United Food and Commercial Workers Union Local 135 ("Local 135"), breached its duty of fair representation by declining to arbitrate Aberra's grievance protesting her termination. As discussed below, Aberra's complaint fails to plead facts that

//

//

would establish that Local 135 breached its duty of fair representation to Aberra. Accordingly, Aberra's complaint must be dismissed for failure to state a claim.

## FACTS

Aberra was employed at Vons from July of 1990 until she was terminated in June 2007. (Compl. ¶ 8) On June 1, 2007, Vons store manager Larry Easter called Aberra into his office to discuss an allegedly inappropriate communication between Aberra and a customer. (Compl. ¶ 11) During this meeting, Easter allegedly refused to acknowledge Aberra's explanation and Aberra ran to the restroom crying. (*Id.*) Aberra was so distraught that she left work without completing her scheduled workday. (*Id.*). The next day, Vons terminated Aberra for "job abandonment." (Compl. ¶ 12)

Upon learning of her termination, Aberra contacted Local 135 Business Representative Grant Tom (erroneously identified in the complaint as "Tom Grant") and filed a written grievance regarding her termination. (Compl. ¶ 14) Tom investigated Aberra's grievance and communicated on Aberra's behalf with the head of Vons Human Resources Department, Mary McDonald. Tom also arranged a meeting attended by Tom, Aberra, and McDonald to discuss Aberra's grievance. This meeting did not resolve the grievance, as Vons refused to reverse its decision. (Compl. ¶ 14)

Local 135's Executive Board met to consider whether to arbitrate Aberra's grievance, but decided not to do so. By letter dated September 5, 2007, Local 135 advised Aberra that "[b]ased upon our investigation, we do not believe that we would be successful in arbitration concerning your grievance and therefore, we are declining to further pursue your grievance." (Compl. ¶ 14, Elbert Decl. Exh. A). Aberra appealed Local 135's decision not to pursue her grievance, but Local 135, "[a]fter a careful review of the facts," denied her appeal by letter dated October 18, 2007. (Compl. ¶ 14, Elbert Decl. Exh. B)

//

## ARGUMENT

Local 135 respectfully urges the Court to dismiss Aberra's complaint under Federal Rule of Civil Procedure 12(b)(6), because the facts alleged are insufficient to establish that Local 135 breached its duty of fair representation to Aberra. As establishing that Local 135 breached its duty of fair representation is a prerequisite to Aberra's breach of contract claim against Vons under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Aberra's complaint must be dismissed in its entirety. *Bliesner v. Communications Workers of America*, 464 F.3d 910, 913-14 (9th Cir. 2006); *Conkle v. Jeong*, 853 F. Supp. 1160, 1168 (N.D. Cal. 1994).

Dismissal under Rule 12(b)(6) is proper when the complaint fails to allege sufficient facts to sustain a cognizable legal theory. *Truesdell v. Southern Calif. Permanente Med. Group*, 151 F. Supp. 2d 1161, 1167 (C.D. Cal. 2001). Although the Court must accept as true all material allegations of the complaint and reasonable inferences to be drawn from them, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004); *Truesdell*, 151 F. Supp. 2d at 1167. The Court also need not accept as true allegations that are contradicted by documents referred to in the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In resolving this motion under Rule 12(b)(6), the Court should consider the September 5, 2007 and October 18, 2007 letters from Local 135 to Aberra, which are alleged in Paragraph 14 of Aberra's complaint. (*See* Elbert Decl. Exhs. A, B). "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (overruled on other grounds by *Galbraith v.*

*County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)); *Truesdell*, 151 F. Supp. 2d at 1167.

In order to state a claim against Local 135 for breaching its duty of fair representation, Aberra must allege facts indicating that Local 135's refusal to arbitrate her grievance was "arbitrary, discriminatory or in bad faith." *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985). Further, if the act of the union that the plaintiff complains of was a *discretionary* act – rather than a ministerial or procedural act – mere arbitrary conduct is insufficient and the plaintiff must further allege facts showing discrimination or bad faith. *See Peterson*, 771 F.2d at 1254-55; *Truesdell*, 151 F. Supp. 2d at 1170-71.

Here, the act of Local 135 that Aberra challenges is its decision not to arbitrate her grievance. There is no doubt that Local 135's decision in this regard was discretionary, not ministerial. As explained in Local 135's letters to Aberra dated September 5 and October 18, 2007, Local 135 investigated Aberra's grievance and concluded it was not likely to prevail on the merits. Even if Local 135 reached the wrong conclusion as to the strength of Aberra's grievance, "unions are not liable for good faith, non-discriminatory errors in judgment in the processing of grievances." *Peterson*, 771 F.2d at 1254. "A union may in good faith decide that a particular employee's grievance is without merit and decline to pursue it, or may even decline to press a prima facie meritorious grievance if it determines that the likelihood of success is doubtful, or is outweighed by the cost of pursuing redress." *Hershmann v. Sierra Pacific Power Co.*, 434 F. Supp. 46, 49 (D. Nev. 1977) (citations omitted).

In light of the discretionary nature of Local 135's challenged conduct, Aberra "must plead facts from which the Court can infer hostility, arbitrariness or bad faith in the union's representation of her" in order to state a claim for breach of duty of fair representation. *Truesdell*, 151 F. Supp. at 1170 (quoting *Franklin v.*

//

*Southern Pacific Transp. Co.*, 593 F.2d 899, 901 (9th Cir. 1979)). Here, such facts are conspicuously absent from Aberra's complaint.

Contrary to establishing that Local 135 acted in bad faith, Aberra's complaint establishes that Local 135 acted competently and in good faith in processing Aberra's grievance. Business representative Grant Tom communicated with Vons on Aberra's behalf, set up a grievance meeting with the head of Vons' Human Resources Department attended by Aberra and Tom, and attempted unsuccessfully to convince Vons to reverse its decision to terminate Aberra. (Compl. ¶ 11)

Local 135's Executive Board then considered, but decided against, pursuing Aberra's grievance to arbitration. (Compl. ¶ 14) Local 135 twice explained to Aberra, in writing, that it had investigated her grievance and declined to pursue it further based on Local 135's belief that arbitration would be unsuccessful. (Compl. ¶ 14, Elbert Decl. Exhs. A & B)

Since Local 135's decision not to arbitrate Aberra's grievance was discretionary, rather than procedural or ministerial, Aberra must allege facts showing more than mere arbitrariness; she must allege facts showing discrimination or bad faith. *See Peterson*, 771 F.2d at 1254-55; *Truesdell*, 151 F. Supp. 2d at 1170-71. Aberra's allegations that Local 135's Executive Board meeting was "perfunctory" and denied her due process are insufficient to state a claim for discrimination or bad faith; at most, these conclusory allegations establish arbitrary conduct.

Aberra fails to allege any facts establishing discrimination or bad faith. The closest she comes is claiming in a conclusory manner that Local 135 "arbitrarily and discriminatorily refus[ed] to pursue arbitration of plaintiff's meritorious case." (Compl. ¶ 16) As discussed above, mere allegations of arbitrariness are insufficient with regard to discretionary actions of the union. Also insufficient is

//

Aberra's allegation that Local 135 refused to pursue her "meritorious case." *Hershmann*, 434 F. Supp. at 49

Aberra's claim that Local 135 acted "discriminatorily" is a conclusory legal allegation with no supporting facts. As noted above, this Court is not required to accept the truth of "formulaic recitation[s] of the elements of a cause of action," *Bell Atlantic*, 127 S. Ct. at 1964-65, or "conclusory legal allegations cast in the form of factual allegations" *Truesdell*, 151 F. Supp. at 1167. Rather, Aberra "must plead facts from which the Court can infer hostility, arbitrariness or bad faith in the union's representation of her." *Truesdell*, 151 F. Supp. at 1170.

Aberra's complaint falls well short of this standard, and her allegation of discrimination does not even meet the basic standard for "notice pleading" under Rule 8. Aberra does not allege the basis for Local 135's alleged discrimination against her, nor does she allege what protected class she purports to belong to. Local 135 and the Court must speculate as to whether Aberra is alleging Local 135 discriminated against her on the basis of race, sex, national origin, or for some other reason. *See Cholla*, 382 F.3d at 978 (plaintiff failed to state claim for discrimination where complaint failed to allege "any facts from which one could infer that anyone's race in any way motivated the…defendants' actions"); *Ali v. Long Beach Acceptance Corp.*, 2007 WL 3335015 at *6 (E.D. Cal. 2007) (conclusory allegations of discrimination insufficient to withstand motion to dismiss); *Henderson v. Alexander & Baldwin, Inc.*, 2007 WL 3332067 at *3-*4 (D. Haw. 2007) (plaintiff failed to state claim for breach of duty of fair representation where "plaintiff present[ed] no factual allegations that would suggest that circumstantial or direct evidence would be revealed during discovery to prove that [union] had a discriminatory motive").

Although Aberra's complaint contains a disjointed allegation that she crossed Local 135's picket line during a strike over four years ago (Compl. ¶ 10), Aberra does not allege that Local 135 discriminated against her on that basis, nor

does she even allege facts indicating that Local 135 *knew* she crossed the picket line. *Henderson*, 2007 WL 3332067 at *3-*4. This allegation is therefore inadequate to survive a motion to dismiss; it fails to rise "above the speculative level" or create more than a "suspicion of a legally cognizable right of action." *Bell Atlantic*, 127 S. Ct. at 1965.

## CONCLUSION

Aberra's complaint fails to state a claim against Local 135 for breach of its duty of fair representation. At most, the complaint alleges that Local 135 processed Aberra's grievance through the preliminary stages but made a judgment call not to pursue it to arbitration for lack of merit. Even if Aberra's grievance was meritorious and Local 135 erred in declining to pursue it, that fact would be insufficient to establish that Local 135 breached its duty of fair representation. Aberra alleges no facts remotely suggesting that Local 135 acted discriminatorily or in bad faith, which are required for duty of fair representation claims based on discretionary acts of a union.

As Aberra must first establish that Local 135 breached its duty of fair representation before proceeding on her claim against Vons, Aberra's entire complaint fails to state a claim. Accordingly, Local 135 respectfully requests that the Court dismiss Aberra's complaint in its entirety.

DATED: March 25, 2008

SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
MICHAEL D. FOUR
DOLLY M. GEE
TAMRA M. BOYD

/S/
TAMRA M. BOYD
Attorneys for Defendant UFCW Local 135

PROOF OF SERVICE - F.R.C.P. 5(b)

I, the undersigned, certify and declare that I am a citizen of the United States, over the age of eighteen years, employed in the County of Los Angeles, State of California, and not a party to this action. On March 25, 2008, I served a true copy of **DEFENDANT UFCW LOCAL 135'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)]**

_____ by personally delivering it to the person(s) indicated below in the manner provided in F.R.C.P. 5(b)

__X__ **BY INTERNET**: By electronically filing a true and correct electronic copy thereof via the Court's CM/ECF electronic filing system in this action; the CM/ECF will generate a Notice of Electronic Filing to:

SEYFARTH SHAW LLP
George E. Preonas, Esq.
David R. Golder, Esq.
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063

BARNES, CROSBY, FITZGERALD & ZERMAN LLP
William M. Crosby, Esq.
18101 Von Karman Avenue
Suite 120
Irvine, California 92612

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 25, 2008, at Los Angeles, California.

Christine Mohammed

CHRISTINE MOHAMMED